UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-cv-23569-WILLIAMS

DAVID S. & LINDA K. PARESKY

    Plaintiffs,

v.

THE UNITED STATES,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Magistrate Judge Chris M. McAliley's Report and Recommendation (DE 86) (the "Report") regarding Defendant's motion to dismiss this case for lack of subject matter jurisdiction (DE 68). The Report recommends that Defendant's motion be granted in part and denied in part. Plaintiffs and Defendant filed objections to the Report, (DE 91; DE 92), and responses to the objections (DE 95; DE 96; DE 97). During the objections period, the Second Circuit decided a case, discussed further below, involving the same statute and claims at issue in the present case. The Court has independently reviewed the Report, the Parties' objections and additional briefing on the objections, the record, and applicable case law. Accordingly, it is **ORDERED AND ADJUDGED** that the Court **declines** to adopt the Report (DE 86). For the reasons set forth below, Defendant's motion to dismiss (DE 68) is **GRANTED** and this case is **DISMISSED** for lack of subject matter jurisdiction.

I.    **BACKGROUND**

Plaintiffs, David and Linda Paresky, filed suit seeking overpayment interest they claim they are owed on certain tax refunds they received stemming from losses incurred

1

in 2008 and carried back to tax years 2003 through 2007. Plaintiffs assert that they are entitled to overpayment interest on those refund amounts because the refunds were not issued within 45 days of when they filed the tax forms requesting the refunds. By Plaintiffs' calculations, they are entitled to interest in the amount of $417,496.77 from April 15, 2009 through the dates on which the refunds were issued and interest on that interest continually accruing until payment, which they calculate amounts to $118,099.18 as of September 15, 2017, the date Plaintiffs filed suit in the United States Court of Federal Claims. Plaintiffs contend that jurisdiction for claims of overpayment interest exists under 28 U.S.C. § 1346(a)(1). Defendant disagrees. The United States Court of Appeals for the Eleventh Circuit has not addressed this issue. The Second and Sixth Circuits, which are the only two circuit courts to have addressed this issue directly, have reached opposite conclusions.

## II.  LEGAL STANDARD

A challenge to subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may be presented as either a facial or factual attack. *McElmurray v. Consol. Gov't of August-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, which the district court takes as true when considering the motion. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). In contrast, factual attacks challenge the existence of subject matter jurisdiction in fact, and in such cases "no presumptive truthfulness attaches to plaintiff's allegations." *Id.* The Eleventh Circuit has held that "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

## III. DISCUSSION

Section 1346(a)(1) provides that federal district courts and the Court of Federal Claims shall have concurrent jurisdiction over "[a]ny civil action against the United States for the recovery of [1] any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, [2] any penalty claimed to have been collected without authority, or [3] any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue tax laws." 28 U.S.C. § 1346(a)(1). The Parties do not dispute whether overpayment interest is a tax or penalty under the first two categories. Rather, the question here is whether overpayment interest qualifies under the third category as a sum that is "excessive" or "wrongfully collected." *Id.*

In *E.W. Scripps Co. v. United States*, 420 F.3d 589, 597 (6th Cir. 2005), the Sixth Circuit concluded that overpayment interest is an "excessive sum" included within the third category. In reaching its decision, the Sixth Circuit relied on a statement from *Flora v. United States*, 362 U.S. 145, 149 (1960), that a "sum" under the third category could include interest. In *Flora*, the Supreme Court reasoned that "any sum" must mean "amounts which are neither taxes nor penalties," stating that "[o]ne example of such a 'sum' is interest." *Id.* But, as one court subsequently deciding this issue has noted, "the *Flora* court was not addressing a claim for overpayment interest, nor did it acknowledge that different types of interest are treated differently under tax law." *Estate of Culver v. United States*, No. 19-cv-00462-RM-NRN (D. Colo. Oct. 7, 2019) (citing *Alexander Proudfoot Co. v. United States*, 454 F.2d 1379, 1385 (Ct. Cl. 1972) ("Congress has distinguished markedly between a refund of that kind of interest paid by a taxpayer and statutory interest payable by the Government on an overpayment . . . .")). The Sixth Circuit

3

noted that taxpayers have a statutory right to compensation "for the lost time-value of their money when they make overpayments of tax," and concluded that "[i]f the Government does not compensate the taxpayer for the time-value of the tax overpayment, the Government has retained more money than it is due, i.e., an 'excessive sum.'" *E.W. Scripps*, 420 F.3d at 597 (citing 26 U.S.C. § 6611).

In *Pfizer Inc. v. United States*, 939 F.3d 173 (2d Cir. 2019), which was decided during the period in which the Parties in this matter could file objections to Judge McAliley's Report, the Second Circuit disagreed with the Sixth Circuit's analysis and found that the district court had erroneously relied on *E.W. Scripps* in determining that it had jurisdiction. First, the Second Circuit concluded that *Flora* is inapplicable in the context of considering overpayment interest because the interest at issue in that case was deficiency interest. *Id.* at 178. The Second Circuit noted "that deficiency interest (which is treated as part of the underlying tax) and overpayment interest (which is simply a general debt of the government) are treated differently under tax law." *Estate of Culver*, No. 19-cv-00462-RM-NRN; *Pfizer*, 939 F.3d at 178. Thus, the *Pfizer* court concluded that "*Flora*'s passing statement" about interest did not require putting all interest, including overpayment interest, into the third category of Section 1346(a)(1). *Pfizer*, 939 F.3d at 178.

The Second Circuit then focused on the text of Section 1346(a)(1) and concluded that the third category, like the first two, must refer to "an amount previously paid to the IRS by the taxpayer." *Id.* at 179. Because "overpayment interest is not a sum that, at some point in the past, was either excessive or wrongfully collected," the court concluded that "[t]o find that overpayment interest qualifies as the type of 'sum' encompassed by §

4

1346(a)(1) strains the plain text of the statute beyond what it can bear." *Id.* at 178. Instead, the Second Circuit held that "overpayment interest is a straightforward claim against the federal government and is therefore covered by the Tucker Act, which vests exclusive jurisdiction in the United States Court of Federal Claims to hear any non-tort claim against the United States founded upon any Act of Congress." *Id.* at 179 (quotation omitted); *see also* 28 U.S.C. § 1491(a)(1).

The Court finds the Second Circuit's analysis to be more reasoned and persuasive than that of the Sixth Circuit on this issue. The Sixth Circuit's analysis relies on an arguably strained reading of Section 1346(a)(1) and an overbroad reading of dicta in *Flora* to permit a taxpayer to recover a sum that it never paid to the Government. The Second Circuit's approach is rooted in the text of the statute and considerations regarding the broader context of tax law.

## IV.   CONCLUSION

For the reasons set forth above, the Court finds that Plaintiffs have failed to establish subject matter jurisdiction. Federal Rule of Civil Procedure 12(h)(3) requires that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's motion to dismiss (DE 68) is **GRANTED** and this action is **DISMISSED** for lack of subject matter jurisdiction. All pending motions are **DENIED AS MOOT**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 21st day of October, 2019.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

Case 1:18-cv-23569-KMW   Document 104   Entered on FLSD Docket 10/21/2019   Page 6 of 6

6